UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| **MIKE DU TRIEU,**<br><br>             Petitioner,<br><br>     v.<br><br>ROBERT W. FOX,<br><br>             Respondent. | **Case No. LA CV 12-03365-VBF-AJW**<br><br>**ORDER**<br><br>Adopting Report & Recommendation Without Objection;<br><br>**Denying First Amended Habeas Petition;**<br>Dismissing the Action With Prejudice;<br><br>Directing Entry of Separate Final Judgment;<br>Directing Entry of Separate COA Order;<br><br>**Terminating and Closing the Action (JS-6)** |

This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. section 2254. Pursuant to his authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on . *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 142.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the first amended habeas corpus petition (*see* Docs 1 and 80), respondent's answer filed January 22, 2013 (Doc 49)

and accompanying memorandum, relevant decisions of the California state courts, the other "lodged documents" submitted by respondent in paper form (listed in the January 22, 2013 Notice of Lodging at Doc 50 and the January 24, 2013 Supplemental Notice of Lodging at Doc 55), respondent's Amended Return filed April 23, 2013 (Doc 75), respondent's February 6, 2015 Answer to the first amended petition (Doc 101) and the accompanying Supplemental Notice of Lodging (Doc 102), petitioner's March 6, 2015 Reply (Doc 104), the Magistrate Judge's December 14, 2016 R&R (Doc 142), and the applicable law.

**Petitioner has not filed written objections to the R&R within the time allotted by our Local Civil Rule 72-3.4.**[1]  *See Sudduth v. Soto*, No. LA CV 15-09038, 2016 WL 4035337, *1 (C.D. Cal. July 12, 2016) (Fairbank, J.) ("This Court never rules on an R&R without waiting for the objection deadline to pass, and it will not rule on the R&R here until at least one week after . . . [the] objection deadline elapses . . . ."). Nor has petitioner sought to extend that deadline. Accordingly, the Court proceeds to the R&R without waiting further.

**By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection.** *See, e.g., Jette v. Colvin*, No. 3:13-cv-00719-AC, 2016 WL 4717735, *1 (D. Or. Sept. 7, 2016) (Anna Brown, J.) ("Because no objections to the

---

[1] Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance-Plant Operations Dep't*, No. LA CV 15-07845, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Fairbank, J.), *appeal dismissed* (9th Cir. Dec. 9, 2016).

Magistrate Judge's Findings and Recommendations were timely filed, this Court is relieved of its obligation to review the record *de novo*.") (citing *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. section 636(b)(1)( C) and *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)) and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)); *Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected . . . ."), *COA denied*, Doc. 53, No. 15-56205 (9th Cir. Feb. 18, 2016).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all.** *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review a magistrate's findings and recommendations de novo if objections are made, "but not otherwise")), *cited by Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations to which neither party has objected, the [Federal Magistrates] Act does not prescribe any standard of review.") (also citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's report.[.]")); *see, e.g., Herring v. Maricopa County Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.) ("No objection has been filed, which relieves the Court of its obligation to review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).[2]

---

[2] *Cf. Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (**11th Cir.** 2016) ("[W]here a litigant fails to offer specific objections to a magistrate judge's factual findings, there is no requirement of *de novo* review.") (citing *Garvey v. Vaughn*, 993 F.2d 776, 779 w/ n.9 (11th Cir. 1993)); *Smith v. Johnson*, 2012 WL 6726447, *1 (**E.D. Ark.** Dec. 27, 2012) ("No one has objected to Magistrate Judge . . . Young's Proposed Findings and Recommendations . . . . Having reviewed

*Accord Kinetic Fuel Technology, Inc. v. Total Fuel Solutions, LLC*, 2016 WL 1389616, *1 (W.D.N.Y. Apr. 6, 2016) ("The Court is not required to review de novo those portions of a report and recommendation to which objections were not filed.") (citing *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"**Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so.**" *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.) (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is required, the Magistrates Act "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard'") (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1 (internal quotation marks omitted)).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.** Therefore the Court will adopt the R&R and implement its recommendations. *Cf. Hawkins v. Boyd*, 2017 WL 27949, *1 (E.D.N.Y. Jan. 3, 2017) ("This Court, however, will conduct de novo review if it appears that the magistrate judge may have committed plain error. No such error appears here. Accordingly, the Court adopts the R&R . . . .") (internally citing *Spence v. Sup't of Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)).

---

for clear errors of fact on the face of the record, Fed. R. Civ. P. 72(b) (Advisory Committee Notes to 1983 [Edition]), and for legal error, the Court adopts the proposal as modified: . . . ."), *judgment reversed on other grounds*, 779 F.3d 867 (8th Cir. 2015); *Pittman v. Suffolk Cty. P.D.H.Q.*, 2017 WL 75755, *1 (**E.D.N.Y.** Jan. 6, 2017) ("Where no objections to a Report and Recommendation have been filed, 'the district court need only satisfy itself that there is no clear error on the face of the record.'") (district-court citations omitted).

## ORDER

The Report and Recommendation is **ADOPTED** without objection.

The petition for a writ of habeas corpus is **DENIED.**

The Court will rule on a certificate of appealability by separate order.

Final judgment will be entered in favor of respondent consistent with this order.

"As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document." *Toy v. Soto*, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)) (footnote 1 omitted), *appeal filed*, No. 15-55866 (9th Cir. June 5, 2015).

**This action is DISMISSED with prejudice.**

**The case SHALL BE TERMINATED and closed (JS-6).**

Dated: Wednesday, February 8, 2017

*Valerie Baker Fairbank*
_____
Hon. Valerie Baker Fairbank
Senior United States District Judge